UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 3:24-CR-127-TAV-JEM |
| DAMON WARZELL DAVIS, | ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Damon Warzell Davis's Unopposed Motion to Continue Plea Deadline and Trial [Doc. 41], filed on September 26, 2025.

Defendant requests the Court continue the trial date, set for January 20, 2026, and the plea deadline, set for December 22, 2025 [*Id.*]. In support of the motion, Defendant states that the Court held an evidentiary hearing on September 24, 2025, and granted leave for the parties to file post-hearing briefing [*Id.* ¶ 2]. The deadlines for the post-hearing briefing begin with Defendant's brief due on November 14, 2025, and end with Defendant's reply on December 23, 2025 [*Id.*]. Defendant requests that the Court continue the plea deadline and trial date to allow time for the Court's ruling following the post-hearing briefing [*Id.* ¶ 3]. Defendant's motion reflects that counsel for the Government does not oppose the requested continuance [*Id.* ¶ 6]. Defendant understands that the period of time between filing his motion and the trial date will be excludable for speedy trial purposes [*Id.* ¶ 5].

Based upon the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance

outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). In this regard, on March 6, 2025, Defendant filed dispositive motions alleging violations of the Fifth Amendment and the Second Amendment [Docs. 26 & 27]. *See id.* § 3161(h)(1)(D). The undersigned held a hearing on the motion and will prepare a report and recommendation, after which the parties will file objections and responses, and the District Judge will rule on the motion considering the report and recommendation and the parties' filings. *See id.* § 3161(h)(1)(D) & (h)(1)(H). After receiving the Court's ruling, defense counsel needs time to otherwise prepare for trial. The Court finds that all of this cannot occur before the January 20, 2026 trial date.

The Court therefore **GRANTS** Damon Warzell Davis's Unopposed Motion to Plea Deadline and Trial [**Doc. 41**]. The trial of this case is reset to **June 16, 2026.** A new, comprehensive trial schedule is included below. Because the Court finds that the ends of justice are served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motion on September 26, 2025, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(1)(H), & (h)(7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1) Defendant Damon Warzell Davis's Unopposed Motion to Plea Deadline and Trial **[Doc. 41]** is **GRANTED**;

(2) the trial of this matter is reset to commence on **June 16, 2026, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

2

(3) all time between the filing of the motion on **September 26, 2025**, and the new trial date of **June 16, 2026,** is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **May 15, 2026;**

(5) the deadline for filing motions *in limine* is **June 1, 2026**, and responses to motions *in limine* are due on or before **June 9, 2026**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **May 26, 2026, at 11:00 a.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **June 5, 2026.**

**IT IS SO ORDERED.**

ENTER:

*/s/ Jill E. McCook*
Jill E. McCook
United States Magistrate Judge